UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MERRILL CLARK GARDNER,

      Petitioner,

v.                                 Case No. 3:23cv10077/MCR/MAL

UNITED STATES OF AMERICA,[1]

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before me on Petitioner's Third Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 14. Petitioner seeks release from home confinement and placement on probation. *Id.* at 6. After review of the record and the recently filed third amended petition, it appears the petition should be transferred to the United States District Court for the Middle District of Florida in the interests of justice.

When Petitioner filed his original petition, he was in custody at the Federal Prison Camp in Pensacola. *See* ECF No. 2 at 75. Petitioner was released from FPC Pensacola and is now residing in Ocala, Florida on home confinement under the

---

[1] The identity of the named respondents has been evolving. Petitioner named the United States of America in his original petition, the Bureau of Prisons in his (first) amended petition, and FPC Pensacola, Warden Salisbury, RRM Orlando Director Darlene Tyler and RRC Keeton Correction Director Mr. Brown as respondents in his second and third amended petitions.

supervision of the Residential Reentry Management Center in Orlando, Florida.[2] *See* ECF Nos. 7, 15; https://www.bop.gov/inmateloc/. The 69-year-old Petitioner's projected release date is June 16, 2027. *Id.*

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The U.S. Supreme Court has made clear that "[w]henever a [28 U.S.C.] § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). The question of the proper location for a habeas petition under the immediate custodian rule is "best understood as a question of personal jurisdiction or venue," as opposed to a limitation on the subject matter jurisdiction of a court. *Id.* at 451 (Kennedy, J., concurring). However, "[o]nly a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition." *United States v. Saldana*, 273 F. App'x 845, 846 (11th Cir. 2008) (holding that

---

[2] The Court did not transfer this case when Petitioner originally was moved to the Middle District of Florida because Petitioner's claims were unrefined at that point, although Petitioner inquired about the possibility in a letter to the clerk appended to his Notice of Change of Address. ECF No. 7 at 2.

because none of the petitioners were confined in the Southern District of Florida, that "district court lacked jurisdiction to consider their § 2241 petitions."). "When the Government moves a habeas petitioner *after [he] properly files a petition naming [his] immediate custodian*, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction *who has legal authority to effectuate the prisoner's release*." *Padilla*, 542 U.S. at 441 (emphasis added). Due to Petitioner's transfer, it is not clear that any individual within this jurisdiction has legal authority to afford Petitioner relief, if a court determines such is warranted. Additionally, the undersigned notes Petitioner did not file a petition attempting to name an individual custodian until after his transfer/release. *See* ECF No. 10 (Second Amend Petition).

It is true that if a § 2241 petition must be transferred every time the petitioner is transferred, theoretically the case might never be decided. *See Tang v. Gonzales,* Case 4:06cv277/MP/WCS; 2006 WL 3628061, at *2 (N.D. Fl. Aug. 18, 2006). In this instance, that scenario is extremely unlikely given that Petitioner is on home confinement. Additionally, courts have recognized where a § 2241 petitioner has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held. *See Perez v. Breckon*, No. 9:17-CV-00353-JKS, 2019 WL 652410, at *2 (N.D.N.Y. Feb. 15, 2019)

(tentatively concluding that transfer of § 2241 petition to judicial district in which petitioner had been relocated was appropriate "[b]ecause [the petitioner]... may receive relief should the [transferee district] find his claims meritorious"); *see also Lemus-Pineda v. Whittaker*, 354 F. Supp. 3d 473, 475-76 (S.D.N.Y. 2018) (transferring § 2241 petition pursuant to § 1406(a) after finding that "the interests of justice will be served by transferring the petition to [the jurisdiction where the petitioner is being held] rather than dismissing it entirely"). In fact, this Court has received cases from other courts after the petitioners were transferred to facilities within this jurisdiction, *see, e.g., Brady* v. *Hess, et al.* Case 4:22cv309/AW/MAL, or cases that were transferred to this district due to Petitioner's physical presence in this district. *See, e.g., Pate v. Bureau of Prisons*, Case 3:22cv21717/MCR, 2022 WL 1836656 (N.D. Fla. Nov. 17, 2022); *White v. Hudgins*, 5:22cv207/TKW; *Jones v. Gabby*, 4:23cv365/AW. Arguably, the same reasoning applies to a petitioner's transfer to home confinement in another jurisdiction.

In light of Petitioner's redesignation from FCI Pensacola to home confinement in the Middle District of Florida, the Court finds in the interests of justice pursuant to 28 U.S.C. § 1406(a), this case should be transferred to the Orlando Division of the Middle District of Florida, the jurisdiction in which Petitioner is confined.

4

Accordingly, it is respectfully RECOMMENDED that this case be transferred to the United States District Court for the Middle District of Florida, Orlando Division.

Done on October 25, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.